UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GURJANT SINGH,

Petitioner,

v.

TONYA ANDREWS, et al.,

Respondents.

No. 1:26-cv-00851-DJC-EFB

FINDINGS AND RECOMMENDATIONS (ECF No. 18)

Petitioner is a noncitizen alien, previously detained in an immigration detention facility, who has brought a petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. Pending before the court is the parties' joint request for dismissal, ECF No. 18, which has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. ECF No. 11. For the reasons set forth below, it is recommended that the motion be granted.

**BACKGROUND**

Petitioner initiated this proceeding, through counsel, with a petition for writ of habeas corpus filed on February 1, 2026, ECF No. 1, and the same day, filed a motion for temporary restraining order. ECF No. 3. Respondents filed an opposition to the motion for temporary restraining order and to the petition, on February 5, 2026, ECF No. 9, and, on February 10, 2026, the court denied the motion. ECF No. 10. On March 9, 2026, petitioner filed a reply to respondents' opposition to the petition, ECF No. 13, and on April 13, 2026, petitioner filed a notice of submission and request for resolution of the petition. ECF No. 15.

On August 6, 2026, the undersigned directed the parties to file a status report setting forth petitioner's custodial status. ECF No. 16. On August 7, 2026, the parties filed a joint status report representing that petitioner had been released from respondents' custody and jointly moved for the case to be dismissed. ECF No. 18.

**DISCUSSION**

Pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." If the opposing party has served an answer or motion for summary judgment, an action may be dismissed at plaintiff's request "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). This rule applies to habeas corpus proceedings. *See Bhamani v. Apker*, 2018 WL 684896, at *1 (E.D. Cal. Feb. 1, 2018) (collecting cases)).

While the district court has discretion to grant voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2), *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989), the court should grant the motion unless a defendant can show it will suffer some plain legal prejudice because of the dismissal. *See Smith v. Lenches*, 263 F.3d 972, 975-76 (9th Cir. 2010). "[L]egal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal"; rather, it is "prejudice to some legal interest, some legal claim, some legal argument." *Id.*; *see also Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996) ("Uncertainty because a dispute remains unresolved is not legal prejudice."); *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982) (the possibility of a second lawsuit or tactical advantage gained by plaintiff is not legal prejudice).

Here, petitioner seeks to dismiss the petition without prejudice because he has obtained the relief he sought, viz., release from respondents' custody. ECF No. 18 at 1. Respondents join in the request and do not oppose dismissal of the petition without prejudice. *Id.* Because there is nothing on the record demonstrating that dismissal of the petition would deprive respondent of any legal interest, argument, or claims, the undersigned recommends the joint motion be granted

and the petition be dismissed without prejudice. *See Smith*, 263 F.3d at 975-76.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The parties' joint motion to dismiss the petition (ECF No. 18) be GRANTED.

2. The petition (Doc. No. 1) be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 12, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE